**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DONALD HEBERT** | **CIVIL ACTION** |
| **VERSUS** | |
| **MICHAEL J. ASTRUE, COMMISSIONER**<br>**OF SOCIAL SECURITY** | **NO. 07-261-RET-CN** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, March 10, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DONALD HEBERT**                                                      **CIVIL ACTION**

**VERSUS**

**MICHAEL J. ASTRUE, COMMISSIONER**                        **NO. 07-261-RET-CN**
**OF SOCIAL SECURITY**

**MAGISTRATE JUDGE'S REPORT**

Plaintiff, Donald D. Hebert, seeks judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits (DIB) under Title II of the Social Security Act and supplemental security income (SSI) under Title XVI of the Social Security Act (the Act).  In making that final decision, the Administrative Law Judge (ALJ) reached the fifth step of the five-step sequential disability analysis set forth in 20 C.F.R.  § 416.920(b)-(f).[1]

**FACTS AND PROCEDURAL HISTORY**

In September of 2003, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability since July 2003, due to foot problems and back pain. (Tr. 105-107, 129.)  Plaintiff's applications were initially denied and plaintiff requested a hearing before an ALJ. (Tr. 85.)  On May 10, 2005, plaintiff,  appeared at an administrative hearing before ALJ Juan Marrero, and was represented by counsel.  Plaintiff, a medical expert Dr. George Smith, and Vocational Expert Beverly Prestonback, all appeared and testified. (Tr. 492.)

---

[1]   Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988).

On July 19, 2005, ALJ Marrero rendered a decision that claimant was not disabled. (Tr. 60-71.)  Plaintiff sought review by the United States District Court for the Middle District of Louisiana, which remanded to the case to the Commissioner on January 13, 2006. (Tr. 76.)  On March 14, 2006, the Appeals Council remanded Plaintiff's case for rehearing,[2] and ALJ Ronald Burton conducted a second administrative hearing on November 1, 2006. (Tr. 515.)  Plaintiff, again represented by counsel, and a vocational expert (VE), both appeared and testified.

The ALJ issued his decision on November 24, 2006, finding that Plaintiff had not been under a disability at any time through the date of the decision. (Tr. 15-26.)  The ALJ found that plaintiff retained the ability to perform light work and this level of limitations would preclude him from performing his past relevant work, which the ALJ found to be heavy according to the VE. (Tr. 25, Finding 6.)  After considering the evidence of record, the ALJ also found that this residual functional capacity (RFC) would not preclude plaintiff from performing other work existing in the national economy, as directed by the Medical-Vocational Guidelines, thus finding that plaintiff was not disabled. (Tr. 25-26.)

Plaintiff requested a review of the decision by the Appeals Council, and on February 23, 2007, the request was denied, making the ALJ's decision the final decision of the Commissioner. (Tr. 6-8.)  Plaintiff now seeks judicial review of that decision pursuant to 42 U.S.C. § 405(g).

---

[2]  The Appeals Council specifically remanded plaintiff's case with the following instructions: "...the ALJ will further develop the issue of the claimant's mental impairment, in particular, the diagnosis of anxiety and his prescribed use of Xanax and Valium....."). (Tr. 79-80.)

## ANALYSIS

In reviewing the ALJ's decision denying disability income benefits and supplemental security income benefits, the Court is limited to two inquiries: (1) whether the decision is supported by substantial evidence in the record as a whole, and (2) whether the ALJ applied the proper legal standard.[3]  In applying the "substantial evidence" standard, the Court must carefully scrutinize the record to determine if, in fact, substantial evidence supporting the decision exists, but the Court may not reweigh the evidence in the record, nor try the issues <u>de novo</u>, nor substitute its judgment for the ALJ's even if the evidence preponderates against the ALJ's decision.  Substantial evidence means more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion.  A finding of "no substantial evidence" will be made only where there is a conspicuous absence of credible choices or an absence of medical evidence contrary to the claimant's position.[4]  If substantial evidence supports the administrative finding, we may then only review whether the ALJ applied the proper legal standards and conducted the proceedings in conformity with the applicable statutes and regulations.[5]

The burden of proof in disability income benefits cases and supplemental security income cases rests upon the claimant.[6]  The claimant bears the burden of proof with

---

[3] <u>Perez v. Barnhart</u>, 415 F.3d 457 (5th Cir. 2005); <u>Boyd v. Apfel</u>, 239 F.3d 698 (5th Cir. 2001).

[4] <u>Id</u>.

[5] <u>Cook v. Heckler</u>, 750 F.2d 391, 393, citing <u>Hernandez v. Heckler</u>, 704 F.2d 857, 859 (5th Cir. 1983); <u>Bormey v. Schweiker</u>, 695 F.2d 164, 168 (5th Cir. 1983), *cert. denied* ---- U.S. ----, 103 S. Ct. 3091, 77 L.Ed.2d 1351 (1983)("...we must also determine whether... [commissioner] applied the proper legal standard... and whether the proceedings below were conducted in conformity with the applicable statutes and regulations.")

[6] <u>Brown v. Apfel</u>, 192 F.3d 492, 497-498 (5th Cir. 1999); <u>Jones v. Heckler</u>, 702 F.2d 616, 620 (5th Cir. 1983).

respect to the first four steps of the five-step sequential analysis. At step three, in order to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment in the appendix to the regulations.[7] Then, if at step four the claimant can prove that he no longer is able to work in his past relevant work, then and only then does the burden shift to the ALJ to establish that the claimant nonetheless has the ability to engage in other substantial gainful activity.[8]

In the instant case, the ALJ found plaintiff not disabled at step five of the sequential analysis because he could perform other light work existing in the national economy, pursuant to the Medical Vocational Guidelines. (Tr. 25-26.)

In his brief, plaintiff raises three issues: 1) the ALJ erred in disregarding or giving the inappropriate weight to the treating physicians' opinions relative to the combined affects of plaintiffs impairments and the ALJ's RFC assessment; 2) the ALJ erred in minimizing plaintiff's testimony concerning pain and limitation, in view of the objective findings of pain and physical limitations manifest in the medical records; and 3) the ALJ erred in minimizing the claimant's testimony that he is required to take frequent pain medications which makes him drowsy and inattentive.

**APPEALS COUNCILS DIRECTIVE REGARDING PLAINTIFF'S MENTAL IMPAIRMENT**

In order to address plaintiff's arguments, the Court will address the plaintiff's mental impairments since the questions arise out of the use of medications prescribed for his impairments. These medications were also the subject of the Appeals Council's remand.

---

[7] Waters v. Barnhart, 276 F.3d 716, 718 (5th Cir. 2002).

[8] Rivers v. Schweiker, 684 F.2d 1144, 1155-1156 & n.14 (5th Cir. 1982).

As stated above, the  Appeals council instructed the ALJ to develop the issue of the claimant's mental impairment, in particular, the diagnosis of anxiety and his prescribed use of Xanax and Valium.

Plaintiff testified in November 2006, that he takes pain medication for pain, break through pain, anxiety, and spasms, and describes the anxiety as depression. Plaintiff also states that the "pain is there all the time" and he can only sit ten to twenty minutes and stand for fifteen minutes.  He states that he has muscle spasms at night and sometimes he is in bed two to three days. (Tr. 520-527.)

Plaintiff was prescribed Xanax by his pain management specialist Dr. Daniel R. Baker for "anxiety."  The word anxiety appears on a preprinted prescription form and revisit notes forms, however the ALJ noted that Dr. Baker's medical records are void of any medical findings regarding his "anxiety."  Dr. Baker diagnoses plaintiff's condition as "Chronic Pain Syndrome" and notes that plaintiff was without complications from his medications and that his assessment of the condition was stable. (Tr. 413-465, 474-479, 484-484.)

Plaintiff was also treated at Global Pain Management by Drs. Gerard Dileo and Joseph Pastorek II.  On several progress notes, plaintiff denies any problems with depression or anxiety and the physicians note, for the most part, that he is not experiencing any side effects or discomfort with his pain medications.  (Tr. 268-330, 271, 274.)  Plaintiff signed a statement for the GPM in December 2004, regarding the risks of taking Methadone and Xanax, which confirms that "the Xanax is necessary for me to function as an addition to my pain medicines." (Tr. 372.) Plaintiff also sought an increase in the dosage of Xanax for pain management rather than as a treatment for a mental disorder.  The

progress note indicates that the plaintiff states "Xanax doesn't help me at such minimal doses....." (Tr. 324 and 326.)  Plaintiff also admits in his brief that his use of Xanax was part of GMP's pain management regime.[9]

Further, Dr. George Smith, the medical advisor appearing at the November 2006 hearing, testified that a review of plaintiff's medical records indicates that he was prescribed Xanax as part of his pain treatment regiment.  (Tr. 537.)  This is consistent with the medical records of GMP's where progress notes show that plaintiff denies any depression and anxiety. (Tr. 268, 271.)

The Court finds that the ALJ properly considered the Appeals Council's question of whether plaintiff had a mental impairment.  The Court further finds that there is substantial evidence to support the ALJ's decision that plaintiff does not suffer from depression, anxiety, or any type of mental impairment, and thus plaintiff's claim of disability due to depression is without merit.

**MEETING A LISTED IMPAIRMENT**

At step three of the sequential analysis, the plaintiff has the burden of proving that his impairments meet or equal, either alone or in combination, the criteria of a listed impairment.[10]  Plaintiff argues that his impairments are severe enough to meet or medically equal one or more listed impairments, and suggests the following listings: 1.02, Major

---

[9] See Plaintiff's Brief at p. 8.

[10] Waters, *supra.*

dysfunction of a joint;[11] 1.04(c)Disorders of the spine;[12] and 12.04 Affective disorders, specifically depression.

The Court has previously found that plaintiff does not suffer from depression and therefore will not reiterate that discussion.  The Fifth Circuit has held that in order to meet a listed impairment, a plaintiff must show that he meets all the requirements of a listed impairment.[13]  Other than stating that the ALJ should have explained pain in accordance with the Listing 1.00, plaintiff fails to point to any medical evidence to support a finding that plaintiff meets any of the cited listings. To the contrary, the medical evidence shows that plaintiff had a full range of back motion, no atrophy, and no more than minimal disc bulging. With regard to plaintiff's right foot ankle injury, the record evidence shows that he recovered from this injury within 12 months and did, in fact, return to some work.  The record evidence is void of any indication, nor has plaintiff identified any evidence, that he was unable to

---

[11] Listing 1.02 concerns major joint dysfunction: "Characterized by gross anatomical deformity...and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint9s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s).  With [i]nvolvement of one major peripheral weight-bearing joint (i.e, hip, knee, or ankle), resulting in inability ambulate effectively, as defined in 1.00B2b."

20C.F.R. Pt. 404, Subpt. P, App 1  §§ 1.00 B2b defines "ambulate effectively" as "an extreme limitation of the ability to walk; i.e, an impairment that interferes very seriously with the individual's ability independently initiate, sustain, or complete activities.  Ineffective ambulation is defined generally as having insufficient low extremity function to permit independent ambulation without the use of a hand-held assistive device that limits the functioning of both upper extremities.

[12] Listing 1.04 concerns spinal disorders, such as herniated discs, with: "Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or

Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00b2b.

[13]  Sullivan v. Zebley, 493 U.S. 521, 530 91990)(claimant must manifest all the specified criteria of a particular listing to qualify for a disability under that listing.)

ambulate effectively during the period of time at issue, which is a criteria of the listings set forth by plaintiff.

Further, Dr. Smith pointed out that medical records indicated normal foot structure and normal joint structures. (Tr. 534.)  Plaintiff was evaluated by Dr. Diodene of the Plaquemine Bone and Joint Clinic in 2003, who opined that plaintiff's x-rays revealed no evidence of recent or old fracture, dislocation or subluxation.....and the component joints of the foot were normally preserved. (Tr. 177.)  An MRI of the lumbar spine taken in May of 2004 by Global Pain Management revealed only minimal disc dehydration with mild diffuse bulging at L4-5, and minimal disc dehydration with mild central disc bulging at L5-S1. (Tr. 19,357).  Another MRI taken in August 2004, showed practically the same, i.e. minor marginal spondylosis of the cervical spine and minimally prominent posterior convexity of the L5-S1, but felt to be within normal limits and no measurable posterior bulging of any of the other lumbar discs. (Tr. 472, 473.) The Fifth Circuit case law and the regulations clearly recognize that at step three of the evaluation process the burden remains on the plaintiff to establish that his impairment meets or equals an impairment enumerated in the listings.  Moreover, that burden is to provide and identify medical signs and laboratory findings that support all criteria for a listed impairment.[14]  Plaintiff has not met this burden, and there is sufficient evidence in the record to support the ALJ's finding that plaintiff's impairments do not meet the suggested listings by plaintiff.

**PLAINTIFF'S COMPLAINTS OF PAIN**

The Fifth Circuit has held that it is within the discretion of the ALJ to determine the debilitating nature of allegations of pain, and those determinations are entitled to

---

[14] Selders v. Sullivan, 914 F.2d 614, 619 (5th Cir. 1990); 20 C.F.R. § 1520(d).

considerable deference by the Courts.[15]   In this case, the ALJ found that plaintiff's

subjective allegations of disabling pain were not credible. (Tr. 24-25.)  The ALJ noted that

there was no evidence of significant abnormal medical findings in plaintiff's MRI and x-ray

examinations to support the degree of pain alleged by plaintiff. (Tr. 24.)  The evidence

does, however, indicate that plaintiff, repeatedly, made statements to his treating sources

that his pain medications relieved his pain and did not cause significant side effects.  As

stated before, Dr. Baker diagnosed plaintiff's condition as "Chronic Pain Syndrome" and

noted that plaintiff was without complications from his medications and that his assessment

of the condition was stable. (Tr. 413-465, 474-479, 484-484.)  The progress notes from the

GPM showed that plaintiff denied any problems with depression or anxiety and that he was

not experiencing any side effects or discomfort with his pain medications and that his pain

was adequately controlled. (Tr. 268-330, 271, 274.)[16]  For pain to rise to the level of

disabling, that pain must be "constant, unremitting, and wholly unresponsive to therapeutic

treatment."[17]   There is no medical evidence to indicate that plaintiff's pain is constant,

unremitting and unresponsive to treatment.  Neither does plaintiff allege that the pain is

constant, unremitting and unresponsive to treatment.  The Fifth Circuit has held that the

ALJ has primary responsibility for determining whether a claimant's allegations of disabling

---

[15]  Wren v. Sullivan, 925 F.2d 123, 128 (5th Cir. 1991);  Jones v. Bowen, 829 F.2d 524, 527 (5th Cir. 1987).

[16]  Plaintiff's brief indicates that he denies stating this to the physician, and surely it was some sort of misunderstanding by him with regards to what all that meant. (Plf's Br. P. 7; Tr. 494.)  However, the Court notes that the statement that his pain medication is working is found in both the medical records of Dr. Baker in Lafayette, and in the medical records of the Global Pain Management LLC, in Metairie, LA.

[17]  Chambliss v. Massanari, 256 F.3d 520, 522 (5th Cir. 2001).

pain are credible.[18]  In this case, the ALJ, after a complete review of the evidence of record, found that plaintiff's allegations of pain were not credible.

Therefore, the Court finds, first of all, that there is substantial evidence to support the ALJ's conclusion that claimant does not meet a listed impairment and that plaintiff has failed in his burden to prove otherwise.  The Court further finds that the ALJ followed the proper legal standard and was correct in finding that plaintiff's complaints of pain were not fully credible.

**ALJ'S RFC FINDING**

The ALJ states that in making his RFC determination, he considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence based on the requirements of 20 C.F.R. 404.1529 and 416.929, and SSRs 96-4p and 96-7p. Plaintiff argues that the combined adverse affects of the plaintiff's impairments render claimant unable to engage in substantial gainful employment.

It is clear from the ALJ's decision that he thoroughly reviewed the medical evidence and the testimony of plaintiff and the testimony of the medical expert Dr. Smith.  In making his decision the ALJ considered plaintiff to be a younger individual[19] and considering all the evidence found that claimant's medically determinable impairments could expect to produce the alleged symptoms, but plaintiff's statements concerning intensity, persistence and limiting effects were not entirely credible.  Plaintiff merely states that there is medical evidence which clearly demonstrates that claimant suffers substantial pain and that the ALJ

---

[18]  Id.

[19]  Plaintiff was 46 years old at the time of the decision. (Tr. 25.)

must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consisted with the objective medical evidence . Plaintiff further argues that Social Security Ruling 96-70 requires consideration of the "type, dosage, effectiveness and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms."[20]  As stated above, the ALJ conceded that plaintiff was taking some strong narcotic medications; however plaintiff himself states that he can only work with his medications, and that they cause no adverse side effects.   Further, as previously pointed out, in April 2005, plaintiff states that the pain is adequately controlled and that he is experiencing no side effects; in June of 2004, the medical records indicate that "when he has the medications, he is obtaining adequate relief and he is experiencing no side effect."  While the ALJ must consider a plaintiff's subjective complaints of pain, he does not have to give this subjective evidence precedence over medical evidence.[21]   Here, there is medical evidence to discredit plaintiff's subjective complaints.  Therefore, based on the evidence, the ALJ found that plaintiff had the residual functional capacity (RFC) to perform a full range of light work.  Given this RFC, and considering the plaintiff's age, education, and work experience, a finding of "not disabled" is directed by Medical Vocational Rule 202.18.  Plaintiff has not provided the Court with sufficient evidence to the contrary.  Accordingly, the Court finds that the ALJ's credibility findings are supported by substantial evidence and further that the ALJ's RFC determination is also supported by substantial evidence.

---

[20] 20 C.F.R. §§ 404.1529 (c)(3)(iv)and 416.929(c)(3)(iv).

[21]  Villa v. Sullivan, 895 F.2d 1019, 1024 (5th Cir. 1990); Hollis v. Bowen, 837 F.2d 1378, 1385 (th Cir. 1988.)

For the above reasons, the Court finds that 1) there is sufficient evidence in the record to support the ALJ's decision; 2) the ALJ followed the proper legal standards in making his decision that claimant's impairment does not functionally equal any listed impairment found in Appendix 1; and 3) the ALJ was correct in finding claimant not disabled.

## RECOMMENDATION

Accordingly, it is recommended that the ALJ's decision be affirmed and that the Plaintiff's appeal be dismissed, with prejudice, and judgment be entered accordingly.

Signed in chambers in Baton Rouge, Louisiana, March 10, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**